# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JUAN ROMERO GROGAN, | CASE NO. 5:17-cv-291 |
| PLAINTIFF, | JUDGE SARA LIOI |
| vs. | |
| | MEMORANDUM OF OPINION AND ORDER |
| OFFICER BILLY LOTT, et al, | |
| DEFENDANTS. | |

*Pro se* plaintiff Juan Romero Grogan filed this action under 42 U.S.C. § 1983 against Canton Police Officers Billy Lott and Bryan W. Jeffries. In the complaint, plaintiff alleges the defendants mistakenly identified him as the man who fled the scene of a traffic stop and led them on a high-speed chase. He asserts claims for false arrest, false imprisonment and malicious prosecution in violation of the Fourth, Fifth, Sixth, Thirteenth and Fourteenth Amendments. He seeks monetary damages and immediate release from prison.

## I. Background

Plaintiff alleges that, on the evening of December 1, 2015, Defendants conducted a traffic stop of a 2001 Chevy Tahoe, Ohio Registration ESE7741 on McKinley Avenue NW in Canton, Ohio. As they approached the vehicle to talk to the driver, the driver fled from the scene. The officers returned to their patrol car and began to chase the driver with their lights flashing and sirens blaring. The fleeing driver did not stop for any traffic lights or signs. In addition, the roads were wet and the chase was exceeding 70 mph on surface streets. The defendants radioed the progress of their pursuit to dispatch, and one or both of the sergeants on duty instructed the

officers to terminate the pursuit. Although they turned off the lights and the siren, they continued to travel at a reduced speed in the direction of the fleeing car. A short distance away, they discovered the car had crashed into a fence, and they saw the driver running up hill toward Interstate 77. The driver had a sizable lead on the officers and they were unable to catch him or locate him. Instead, the officers arranged to have the vehicle towed to the impound lot. They determined the driver to have been the plaintiff and obtained warrants for his arrest. Plaintiff was arrested on March 4, 2016. He was convicted by a jury on charges of fleeing and eluding police.

Plaintiff claims he was the victim of mistaken identity. He denies any involvement in the incident. He asserts he was denied due process and equal protection, and was subjected to false arrest, false imprisonment, and malicious prosecution. Plaintiff was on probation at the time of his arrest. His conviction caused him to serve additional time as a parole violator. He asserts violations of his Fourth, Fifth, Sixth, Thirteenth and Fourteenth Amendment rights.

## II.  Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which

relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the defendant-unlawfully-harmed-me accusation. *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. <u>Analysis</u>

A prisoner may not raise claims in a civil rights action if a judgment on the merits of his claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. Therefore, when a state prisoner seeks damages in a § 1983 suit, the Court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has

already been invalidated. If the Court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against him, the action should be allowed to proceed, in the absence of some other bar to the suit.

Here, plaintiff's claims of false arrest, false imprisonment and malicious prosecution are all founded on his statement that he is innocent and the victim of mistaken identity. These claims, if found to have merit, would call his conviction into question. Consequently, plaintiff cannot pursue these claims unless his conviction has been reversed or overturned. He does not indicate this has happened. Therefore, his claims are not cognizable in a § 1983 action.

## IV. Conclusion

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: June 16, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**